29121. THE GEORGIA CRACKER *v.* HESTERS, sheriff, *et al.*

DECIDED MAY 8, 1942.

*Heath & Heath, B. D. Murphy,* for plaintiff. *J. Roy McGinty, Y. A. Henderson, Powell, Goldstein, Frazier & Murphy,* for persons at interest.

*Newt Gaskins, Harry S. McCowen,* for defendant.

SUTTON, J. The Georgia Cracker, a corporation, owning and publishing a weekly newspaper in Hazlehurst, Jeff Davis County,

Georgia, the same being the official organ of said county, brought suit against George W. Hesters as sheriff of said county and the National Surety Corporation as surety on the sheriff's official bond. The petition, so far as here pertinent, alleged substantially as follows: That said sheriff made a contract with the plaintiff to publish certain tax sales advertisements under the provisions of the law governing the same and at the legal rate for advertising as fixed by Code, § 39-1105; that various advertisements against separate defendants in tax executions were published by the plaintiff at the instance of the sheriff, as itemized in the petition, there being eighty-seven advertisements of separate properties of that number of individual defendants in tax executions during July, 1940, fifty-eight in August, and nine in September, making a total of 154; that the sheriff had prepared and filed with the plaintiff each month for publication a form of advertisement en bloc with one general heading, one general closing, one general date, and a single signature of the sheriff, in which the property of each defendant in tax execution with all jurisdictional facts were set out separately in separate paragraphs, one following another until all notices of tax sales for a given month were included in such continuous advertisements written en bloc, as follows:

"Tax fi. fas.

"State of Georgia, County of Jeff Davis.

"Will be sold before the court-house door in said county on the 1st Tuesday in (August), within the legal hours of sale and to the highest bidder for cash (description of the property). Levied on and will be sold to satisfy tax fi. fas. issued by (——————) tax commissioner of said county for (years stated), property of John Doe. John Doe notified in writing. Taxes $325.15, plus costs and interest.

"Also, at the same time and place and in the same manner will be sold the following property: (description of property.) Levied on as the property of (Richard Roe) to satisfy tax fi. fas. for (stated years)," etc.

Then would follow other paragraphs, advertising lands of separate defendants in fi. fa. as just stated.

The plaintiff alleged that each separate paragraph of said bloc advertisement is in itself a complete and distinct legal advertisement of the lands of such defendants in fi. fa., and that plaintiff

was entitled to compensation therefor according to the number of words contained in each paragraph at the legal rate of $1 per hundred words, or fractional part thereof, for the number of times published. Refusal on the part of the sheriff to pay accordingly and a breach of his bond were alleged. General demurrers to the petition were filed by both defendants. The court sustained these demurrers and dismissed the action, and the plaintiff excepted.

1. On the hearing of the demurrers in the superior court it was stipulated by counsel for the parties as follows: "It is stipulated by and between the parties to the above-stated cause that the only question presented for determination by the court is as follows: Is each separate paragraph of the bloc advertisement referred to in plaintiff's petition, describing each levy and sale, a separate and distinct advertisement for the purpose of computing advertising fees at the rate of $1 per hundred words or each fractional part thereof, for each insertion of the first four insertions, and the sum of 50 cents per hundred words or each fractional part thereof, for each subsequent insertion? The general demurrers of the defendants should be sustained if the foregoing question is properly answerable in the negative, and should be overruled if it is properly answerable in the affirmative."

The plaintiff contends that each separate paragraph of the bloc advertisement, which advertises for sale the property of a named defendant in a tax execution, is a separate advertisement for the purpose of computing the advertising fees due the plaintiff. The sheriff contends that the advertisement en bloc is but one advertisement, and that the fees payable to the plaintiff should be calculated on that basis. The difference between the parties in this respect is $222, the amount of the present suit.

Our statutes provide that all lands in this State subject to taxation shall be returned by the owner, his agent or attorney, to the tax receiver for taxation (Code, § 92-6206); and upon failure to make a return the receiver shall make the valuation and assess the property for taxation (Code, § 92-6601); and the tax collector, on the 20th day of December in .each year, shall issue executions against each delinquent or defaulting taxpayer in their respective counties, unless further time is allowed as provided by law (Code, § 92-5102); and when the owner is not known the execution is issued against the land (Code § 92-8103). "Sales under tax

executions shall be made under the rules governing judicial sales." Code, § 92-8102. And as to judicial sales, our Code, § 39-1101, provides: "The sheriffs and coroners shall publish weekly, for four weeks, in some newspaper published in their counties respectively,—and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county—notice of all sales of land and other property executed by him; in which advertisement he shall give a full and complete description of the property to be sold, making known the name of the plaintiff and defendant and the person who may be in the possession of such property." The Code, § 39-1105, provides: "The rates to be allowed to publishers for publishing legal advertisements shall be as follows: For each 100 words, the sum of $1 for each insertion for the first four insertions; for each subsequent insertion, the sum of 50 cents per 100 words. In all cases fractional parts shall be charged for at the same rates; and no ordinary, sheriff, coroner, clerk, marshal, or other officer shall receive or collect from parties, plaintiff or defendant, other or greater rates than herein set forth."

Any one of the defendants in the tax executions had the right, at any time during the publication of the tax sale, to pay the amount of the execution, costs, and advertising fee accrued to the time of payment and have the advertisement of his property withdrawn and discontinued. In fact it is alleged in the petition that during the course of the publication of the advertisements in question the sheriff instructed the plaintiff to withdraw from publication the advertisements of the lands of many of the defendants in fi. fa., which was done, with the result that the lands of some of the defendants were advertised one time, some twice, some three times, and some four times. Therefore, it will be seen that the advertisement of the property of each defendant included in the advertisement en bloc was a separate and distinct advertisement, and was so considered and treated by the parties. The liability of each taxpayer is separate and distinct from that of every other taxpayer, and before his property can be lawfully sold under an execution in personam to satisfy his taxes there must be a direct proceeding against him; that is, an execution must issue against him, it must be levied on *his* property, and *his* property must be advertised as provided by statute, and then sold separately. Certainly, the

sheriff could not lawfully have sold en masse all of the property included in the general bloc advertisement to satisfy the aggregate amount of all of the tax fi. fas. against the different defendants.

Accordingly, where the sheriff had published a *notice* of a large number of tax advertisements written en bloc with one general heading and one general closing, with his name at the end, but set forth, in separate paragraphs therein, a complete advertisement of the property of each defendant in each tax execution with all necessary jurisdictional facts, each paragraph was a separate and distinct advertisement for the purpose of computing advertising rates, and the plaintiff was entitled to collect fees for said advertisements on this basis as per the rates prescribed by the Code § 39-1105, supra. See the decision of the Supreme Court in this case, in answer to a certified question from this court. 193 *Ga.* 706 (20 S. E. 2d, 7).

2. The court erred in sustaining the demurrers and in dismissing the plaintiff's action.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*